IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ALICE OLABISE OSINDELE and EMMANUEL I. O. OSINDELE, <br><br> Defendants. _____ / | No. C 09-03416 JSW <br><br> **ORDER TO SHOW CAUSE** |

Upon review of the notice of removal and complaint in this matter, the Court is concerned that it may not have jurisdiction over the case. Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Therefore, the Court issues this order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the

party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. "It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original).

Although Defendants contend that civil rights violations have been raised, Plaintiff's complaint asserts only state-law claims against Defendants. Therefore, it appears as though this Court does not have subject matter jurisdiction over this matter. The Court HEREBY ORDERS Defendants Alice Olabise Osindele and Emmanuel I.O. Osindele to show cause in writing by no later than **August 17, 2009** why this action should not be remanded to state court for lack of subject matter jurisdiction. Defendants are admonished that the failure to respond to this Order by August 17, 2009 will result in the Court remanding this matter back to state court.

**IT IS SO ORDERED.**

Dated: August 3, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BANK OF NEW MELLON TRUST CO.,

    Plaintiff,

  v.

ALICE O. OSINDELE et al,

    Defendant.
                                /

Case Number: CV09-03416 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 3, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alice Osindele
Emmanuel I.O. Osindele
Kingsway Technologies, LLC
2111 University Avenue, Suite #C
East Palo Alto, CA 94303

Dated: August 3, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk